**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC GOODALL,<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN DAVID ORTIZ,<br><br>               Respondent. | Civil Action No. 20-9466 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Eric Goodall's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner chose not to reply. For the reasons expressed below, Petitioner's habeas petition is denied.

**I.      BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a sentence arising out of a conviction for possession with intent to distribute a controlled substance and being a felon in possession of ammunition which was entered in the District of Maryland. (ECF No. 5-1 at 2-3.) In his current petition, he seeks to challenge the adjudication of a prison disciplinary sanction he received which resulted in, *inter alia*, the loss of credits towards his sentence which arose out of an incident which occurred in August 2019. (ECF No. 5-2 at 2.) In his habeas petition, Petitioner alleges that he was denied Due Process at his hearing because the disciplinary judge did not permit

him to use video recordings of the alleged events and because he believes he was innocent of the charged infraction. (*See* ECF No. 1.)

The hearing officer who oversaw Petitioner's disciplinary hearing summarized the background of Petitioner's charge as follows:

> [according to] the reporting officer's written statement; ["]on August 2, 2019[,] at approximately 06:45 P.M., . . . Officer P. Savage, was assigned as [a unite officer]. At this time [another officer] advised me that [Petitioner] had run from him after refusing to follow a direct order to be pat searched. [Officer Savage] located [Petitioner] running in front of [unit] 5712. [Officer Savage] gave him a direct order to stop and place his hands at the exterior wall of Building 5712. As [Officer Savage] approached [Petitioner], [Petitioner] removed an item from his right shoe and discarded it in the basement window located in the front of Building 5712. Directly after he disposed of the item, [Petitioner] walked towards [the officer] and placed his hands on the aforementioned wall. [Petitioner] was then escorted to the Lieutenant's Complex by Compound Officers."

(ECF No. 5-2 at 4.)

Following the incident, Officer Savage charged Petitioner with destroying or disposing of an item during a search or attempted search. (*Id.* at 2.) The Officer drafted a report detailing the incident on August 2, 2019, and Petitioner was provided with advanced written notice of the charge that evening at 8:25 p.m. by a supervisory officer. (*Id.*) Petitioner's hearing was thereafter scheduled for October 30, 2019. (*Id.*) A month earlier, on September 26, 2019, Petitioner was advised of his rights at the hearing and provided a copy of a form which also contained his rights. (*Id.*) Following this advisement, Petitioner waived his right under prison policy to have a staff representative at the hearing. (*Id.*) Petitioner declined his right to request "any inmate witnesses [to] provide testimony on his behalf] and neither requested nor provided any additional evidence to the hearing officer prior to or at the hearing. (*Id.*). Instead, Petitioner merely denied the charge, stating as follows to the hearing officer:

2

> [The report] is not true; I did not get rid of anything. The Officer is lying about me putting something in the basement window. He stopped me for a pat search. I put my hands on the wall like he said. He is lying on me, I did not get rid of any contraband. No[,] I do not have any proof or eyewitnesses to prove he is not telling the truth about me disposing of contraband.

(*Id.*)

The hearing officer, following the hearing, found Petitioner guilty of the disciplinary infraction and imposed discipline including the loss of credits towards his sentence. (*Id.* at 4-6.) In so doing, the officer explained that he considered Petitioner's denial, as well as Petitioner's failure to identify any evidence to support his assertions or provide any reason why the officer in question would lie about the events in question, and credited the reporting officer's written statement that he had witnessed Petitioner dispose of contraband following the search order. (*Id.*) The officer further found Petitioner's denial not credible. (*Id.* at 4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989

## III. DISCUSSION

In his habeas petition, Petitioner contends that he is innocent of the disciplinary charge of disposing of contraband during an attempted search, and asserts that he believes his right to Due Process was infringed when the hearing officer did not acquire and consider any and all available video evidence in considering the charges against him. Because federal prisoners have a statutorily created liberty interest in good time credits they receive during their imprisonment, prisoners do

3

have Due Process rights which may not be impugned during prison disciplinary hearings resulting in the loss of such credits. *Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Those rights include at least twenty-four hours advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, assistance from an inmate representative if the charges are complex or the petitioner illiterate, and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *Id.*; *See also Wolff*, 418 U.S. at 563-67. Where these rights have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.* (quoting *Hill*, 472 U.S. at 455).

In this matter, Petitioner clearly received all the process which was due. He was given significant advance notice of the charge against him, notice of his rights at the hearing, was offered but refused a representative, was offered but declined the opportunity to provide documentary evidence or inmate testimony, and was provided a written decision and statement of reasons supporting the disciplinary sanction he received. His hearing thus comported with all the Due Process Clause requires. *Id.*

That the hearing officer did not acquire or consider any video recording evidence is immaterial in a case, such as this, where the petitioner failed to request that he do so. *See, e.g., Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 175 n. 11 (3d Cir. 2011) (hearing officer need only consider outside evidence, including video recordings, where the "inmate properly requests that the evidence be produced at his/her disciplinary hearing"); *see also Spotts v. Holt*, No. 11:1880, 2015 WL 4219751, at *7 (M.D. Pa. July 10, 2015) ("in the absence of a timely request by an

4

inmate for the presentation of such evidence, there is no general affirmative obligation on the part of prison officials to ferret out this proof"). Here, Petitioner declined his right to present any evidence on his own behalf, and specifically stated to the hearing officer that he had no evidence to support his claim that the charge was fabricated. As Petitioner did not request any video evidence be obtained or reviewed, he cannot now cry foul that none was considered at his hearing. *Burns*, 642 F.3d at 175 n. 11. The alleged failure of the officer, *sua sponte*, to seek out and review video evidence does not amount to a Due Process violation, and thus provides no basis for relief.

Finally, although Petitioner asserts his innocence, as he did at his hearing, this Court cannot provide him relief based solely on that assertion, and could only provide habeas relief if the hearing officer's findings were not supported by "some evidence" in the record. *Campbell*, 808 F. App'x at 72. In this matter, the record more than sufficiently supports the hearing officer's conclusions. Specifically, the hearing officer considered and found credible the report of the officer who witnessed the events, and found Petitioner's denial incredible. The reporting officer's statement, as buttressed by the hearing officer's credibility determinations, is more than sufficient to support the hearing officer's findings and provide "some evidence" to undergird those findings. *Id.* As the hearing officer's findings are supported by "some evidence" in the record, and Petitioner received all the process he was due in his hearing, Petitioner has failed to provide any valid basis for habeas relief. Petitioner's habeas petition is therefore denied.

## IV.     CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

                                                   Hon. Karen M. Williams,
                                                   United States District Judge

6